IN THE CIRCUIT COURT OF THE
FOURTH JUDICIAL CIRCUIT, IN AND
FOR DUVAL COUNTY, FLORIDA

CASE NO.:
DIVISION:

HUGH A. CARITHERS and
KATHERINE S. CARITHERS,
individuals,

      Plaintiffs,

vs.

MID-CONTINENT CASUALTY
COMPANY, a corporation,

      Defendant.
_____/

## COMPLAINT

Plaintiffs, HUGH A. CARITHERS and KATHERINE S. CARITHERS ("Carithers"), sue Defendant, MID-CONTINENT CASUALTY COMPANY ("Mid-Continent") and allege:

1. This is an action for damages that exceed $15,000, exclusive of interest, cost, and fees.

2. Carithers are individual residents of the State of Florida and were the "Owners" on a contract for the construction of a new residence at 223 Ocean Boulevard in Atlantic Beach, Florida, dated April 1, 2003.

3. Cronk Duch Miller & Associates, Inc. is a Florida business entity and was the "Contractor" and "Architect" on the contract dated April 1, 2003.

4. Cronk Duch Partners, LLC, is a dissolved Florida Limited Liability Corporation and was the "Contractor's Representative"

-1-

on the contract dated April 1, 2003

5.   Cronk Duch Architecture, LLC; Cronk Duch Craftsmen, LLC; and Cronk Duch Holding, Inc. are affiliated companies or successors to the interest and obligation of the parties named in paragraphs 3 and 4 above in that they are a mere continuation of those entities.

6.   During construction of the new residence, certain work was performed incorrectly by Cronk Duch and by subcontractors of Cronk Duch so as to cause damage to itself and to other portions of the residence.

7.   Carithers moved into the residence in June of 2005. At that time the defects and consequences of the improper work referred to herein was not known and could not have been known by the exercise of due diligence. Over time and due to the continuous and repeated exposure to harmful conditions, however, the defects and damages became evident.

8.   Because of these occurrences, Carithers were required to repair portions of the residence damaged by the subcontractors' improper work and repair and replace equipment and materials rendered useless thereby. Further, in order to correct some of the damages, work done by Cronk Duch had to be removed and replaced all at the expense of the Plaintiffs.

9.   As a result of the above, a lawsuit styled *Carithers v. Cronk Duch Miller & Associates, Inc.*, et al., Case No. 2010-CA-002429, Division CV-C, was filed in the Circuit Court, in and for Duval County, Florida. In that lawsuit, Carithers sought damages in excess of $100,000 for losses caused by the defective work to itself and to other portions of the residence. Specifics as to the losses, the cause of the losses, and the party or parties responsible for the losses were set forth in detail in that action.

10.   At all times material hereto, one or more of the corporate entities named as a Defendant in that action had in place a policy or policies of commercial general liability insurance, including but not limited to policies numbered: GL-00594283, GL-00623817, GL-00666145, and GL-00708330 issued by Defendant Mid-Continent Casualty Company. These policies provided liability insurance

coverage to Cronk Duch for the claims made by Carithers. On Plaintiffs' best information and belief, policy GL-00594283 is the policy applicable to this claim. Plaintiffs do not have a complete copy of this policy but Defendant does have a complete copy. Discovery will be necessary to determine exactly which policy applies.

11. Cronk Duch reported the claims by Carithers to Mid-Continent in a timely manner and provided copies of the complaints so Defendant could understand for itself the nature of the claim and conduct an investigation. After Mid-Continent completed its investigation, it denied both a defense and indemnity to Cronk Duch.

12. As a result of Mid-Continent's denial of a defense and indemnity to Cronk Duch, Cronk Duch was left to its own devices to protect itself in the best way possible. Further, Mid-Continent waived its right to contest the claims of Carithers.

13. The parties to Civil Action 2010-CA-002429 participated in court-ordered mediation. As a result of the mediation, the parties reached a reasonable settlement. The settlement was approved by the Court which entered a Judgment against Cronk Duch in favor of Carithers in the sum of $91,872.00, plus interest of $5,856.84, and taxable costs of $524.09. A copy of the Judgment is attached hereto as Exhibit "A".

14. By agreement dated May 25, 2012, each of the Cronk Duch entities assigned and transferred to Carithers all its rights of recovery, right to coverage, or for claim against Mid-Continent or its insurance brokers which arise from or through Cronk Duch's various policies of insurance including but not limited to the policies listed herein or any indisclosed policy. A copy of the Agreement is attached hereto and incorporated herein as Exhibit "B". This Agreement permits Carithers to proceed directly against Mid-Continent as a first party assured to collect on the "Final Judgment."

15. Mid-Continent's denial of a defense and denial of indemnity to Cronk Duch for the matters raised in Case No. 2010-CA-002429 were wrongful and contrary to clear Florida law. Further, Mid-Continent failed to make any effort to settle any portion of

the claim when in good faith it should have done so. Each of the items of damage claimed by Carithers was covered by a Mid-Continent policy and the amount paid to rectify the damage was fair and reasonable. The claims made by Carithers in Case No. 2010-CA-002429 were clearly stated and Mid-Continent had ample opportunity to thoroughly investigate the nature and cause of the damage. Mid-Continent failed to do so.

16. Further, Mid-Continent's denial of coverage letter did not fairly address the specific allegations of the Complaint. Mid-Continent is estopped from asserting new grounds for its denial of coverage.

17. Carithers has been required to retain counsel to pursue this matter against Mid-Continent and has agreed to pay counsel a reasonable fee. Pursuant to Florida law, Mid-Continent is obligated to pay attorney's fees.

WHEREFORE, Plaintiffs pray that this Court enter a judgment on their behalf against Defendants for damages suffered and the costs of bringing this action, including attorney's fees together with such other relief as may be just and proper.

DATED this _____ day of June, 2012.

_____
Robert E. Warren, Esquire
Attorney for Plaintiffs

IN THE CIRCUIT COURT OF THE
FOURTH JUDICIAL CIRCUIT, IN AND
FOR DUVAL COUNTY, FLORIDA

CASE NO.: 2011-CA-002429
DIVISION: CV-C

HUGH A. CARITHERS and
KATHERINE S. CARITHERS,
Individuals

    Plaintiffs,
vs.
CRONK DUCH MILLER & ASSOCIATES,
INC., a Florida business entity; CRONK
DUTCH ARCHITECTURE, LLC, a Florida
Limited Liability Corporation, CRONK
DUTCH CRAFTSMAN, a Florida Limited
Liability Corporation; JOSEPH S. CRONK,
an individual; CRONK DUTCH PARTNERS,
LLC, a dissolved Florida Limited Liability
Corporation; and CRONK DUCH HOLDINGS,
INC., a dissolved Florida Corporation.

    Defendants.
_____/

## FINAL JUDGMENT

THIS CAUSE is before the Court upon Plaintiffs' Motion for Entry of Final Judgment. From the evidence adduced, the presentation of counsel, and pursuant to an Agreement of the partied that is attached to the Motion, the Court finds that Defendants are liable to Plaintiffs for the following damages:

| | | |
|---|---|---|
| 1. | Replacement of the improper and inadequate mud base installed by Defendants' subcontractor beneath the tile patio. | $7,500.00 |
| 2. | Replacement of stone damages as a result of use of improper mud base | $50,000.00 |

| | | |
|---|---|---|
| 3. | Repairs to electrical box improperly installed by Defendants and its subcontractor | $100.00 |
| 4. | Replacement and installation of appliances destroyed by electrical surges permitted by improperly installed electrical box | $13,014.00 |
| 5. | Sand blasting and repair of brick damaged as a result of improper Boral Coating installed by Defendants and its subcontrator on exterior porous brick | $350.00 |
| 6. | Installation of necessary and appropriate protective coating upon exterior porous brick | $9,425.00 |
| 7. | Repairs to structural damage to floor, ceiling, and wall caused by adjacent defective balcony | $3,658.00 |
| 8. | Replacement of balcony improperly built by Defendants and removed to effect repairs | $3,325.00 |
| 9. | Supervision permitting, dumpster use, reports Tests, and other general conditions | $4,500.00 |
| | | **$98,872.00** |

It is thereupon,

ORDERED AND ADJUDGED:

1. Plaintiffs, HUGH A. CARITHERS and KATHERINE S. CARITHERS, shall recover from Defendants, CRONK DUCH MILLER & ASSOCIATES, INC.; CRONK DUTCH ARCHITECTURE, LLC; CRONK DUTCH CRAFTSMAN; JOSEPH S. CRONK; CRONK DUTCH PARTNERS, LLC; and CRONK DUCH HOLDINGS, INC., jointly and severally, the sum of $91,872.00, plus prejudgment interest of $5,856.84 and costs of $524.00, for a total of $98,252.84, for all of which let execution issue.

2. This Judgment shall accrue interest at a rate of 4.75% until said rate is

adjusted by law, and thereafter at legal rate until satisfied.

DONE AND ORDERED in Chambers at Fernandina County, Florida, this ____ day of _____, 2012.

ORDER ENTERED

JUN - 4 2012

ROBERT E. WILLIAMS
SENIOR COUNTY JUDGE

ROBERT E. WILLIAMS
Senior Judge

Copies to:

Robert E. Warren, Esquire
6320 St. Augustine Road, Suite 2
Jacksonville, FL 32217

Robert A. Heekin, Jr., Esquire
Stutsman Thames & bMarkey, PA
50 North Laura Street
Suite 1600
Jacksonville, FL 32202

IN THE CIRCUIT COURT OF THE
FOURTH JUDICIAL CIRCUIT, IN AND
FOR DUVAL COUNTY, FLORIDA.

CASE NO.: **2011-CA-002429**
DIVISION: **CV-C**

**HUGH A. CARITHERS** and
**KATHERINE S. CARITHERS,**
individuals,
                  **Plaintiffs,**
vs.

**CRONK DUCH MILLER & ASSOCIATES,
INC.,** a Florida business entity; **CRONK
DUCH ARCHITECTURE, LLC,** a Florida
Limited Liability Corporation; **CRONK
DUCH CRAFTSMEN, LLC,** a Florida Limited
Liability Corporation; **JOSEPH S. CRONK,**
an individual; **CRONK DUCH PARTNERS,
LLC,** a dissolved Florida Limited Liability
Corporation; and **CRONK DUCH HOLDINGS,
INC.,** a dissolved Florida Corporation,

                  **Defendants.**
_____/

## AGREEMENT FOR ASSIGNMENT OF CLAIM

The parties, HUGH A. CARITHERS and KATHERINE S. CARITHERS ("Carithers") and CRONK DUCH MILLER & ASSOCIATES, INC.; CRONK DUCH ARCHITECTURE, LLC; CRONK DUCH CRAFTSMEN, LLC; JOSEPH S. CRONK; CRONK DUCH PARTNERS, LLC; and CRONK DUCH HOLDINGS, INC., ("Cronk Duch") hereby make the following agreement:

### I. BACKGROUND FACTS

The following facts are agreed to by the parties for purposes of this Agreement and for purposes of the above-styled litigation only:

A. Carithers are individual "Owners" on a contract for the construction of a new residence at 223 Ocean Boulevard in Atlantic Beach, FL, dated April 1, 2003.

B. Cronk Duch Miller & Associates, Inc. is the "Contractor" and "Architect" on the contract dated April 1, 2003.

C. Cronk Duch Partners, LLC was the "Contractor's Representative" on the contract dated April 1, 2003

D. The remaining Defendants are successors to the interest and obligation of the parties named in paragraphs B and C above in that they are a mere continuation of those businesses.

E. Joseph S. Cronk was ~~an architect~~ the Lead Designer [RBW] and general contractor licensed in Florida and was the principal and employee of each of the Cronk Duch Defendants in this civil action.

F. During construction of the new residence, certain work, which was the Defendants' obligation to perform, was performed incorrectly by Cronk Duch or by its subcontractors so as to cause damage to itself and to other portions of the residence.

G. Carithers moved into the residence in June of 2005. At that time the defects and improper work referred to herein was not known and could not be known by the exercise of due diligence. Over time and due to the

continuous and repeated exposure to harmful conditions, the defects and damages became evident.

H. Because of these occurrences, Carithers were required to repair work incorrectly done, replace equipment and materials rendered useless thereby, and repair other portions of the residence damaged by the improper work.

I. A lawsuit, Carithers v. Cronk Duch Miller & Associates, Inc., et al., Case No. 2010-CA-002429, Division CV-C, has been filed in the Circuit Court, in and for Duval County, Florida. In that lawsuit, Carithers have sought damages in excess of $100,000 for losses caused by the defective work to itself and to other portions of the residence.

J. Defendants, in one or more of the corporate entities set forth in that action, has or had in place policies of commercial general liability insurance, including but not limited to: No. GL-00594283, No. GL-00623817, No. GL-00666145, and No. GL-00708330. Each of these policies were issued by Mid-Continent Insurance Company. These policies ostensibly provided liability insurance coverage for the claims made by Carithers. Cronk Duch reported the claims of Carithers to Mid-Continent in a timely manner and provided a copy of the Third Amended Complaint by letter dated December 22, 2011. Mid-Continent denied both a defense and indemnity to Cronk Duch. It is Cronk Duch's position that Mid-Continent wrongfully denied it a defense, wrongfully denied indemnity to

Cronk Duch for the matters raised in the Third Amended Complaint, and failed to make any effort to settle any portion of the claim when in good faith it should have done so.

K. By a prior agreement called "Agreement for Entry of Judgment" Carithers and Cronk Duch caused a judgment to be entered against all Defendants in favor of Carithers in the sum of $91,872.00, plus prejudgment interest of $5,856.84, and taxable costs of $524.00. A copy of that judgment is attached to this Agreement as Exhibit A.

## II. TERMS OF ASSIGNMENT AGREEMENT

Carithers and Cronk Duch agree for good and valuable consideration as follows:

A. Each of the Cronk Duch entities assigns and transfers to Carithers all its rights of recovery, right to coverage or for claim against Mid-Continent or its insurance brokers, including any claim for bad faith or for unfair claims settlement practices, which arise from or through Cronk Duch's various policies of insurance listed in paragraph J above or from any undisclosed policy. Each of the Cronk Duch entities further assigns to Carithers its rights of recovery against any insurance broker or brokers involved in obtaining or failing to obtain coverage, including but not limited to Florida Home Builders Insurance Company, 2600 Centenial Parkway, Tallahassee, Florida 32308.

B. Carithers agrees to file and diligently prosecute a claim against Mid-Continent for denial of insurance coverage, breach of contract, and bad

faith (whether common or statutory), and for unfair claims settlement practices, and each of the Cronk Duch entities does hereby assign and transfer to Carithers its right to any proceeds obtained from Mid-Continent in that claim save and except for attorney's fees and costs in the sum of $12,737.46 incurred by Cronk Duch in the defense of this action through the date of this Agreement. In the event there is a compromise settlement of the claim in which Carithers recover only a percentage of the sum sued for, then Cronk Duch shall be entitled to payment of that same percentage of his attorney's fees and costs from the settlement funds.

C. Cronk Duch agrees to reasonably cooperate with Carithers and its attorneys in the prosecution of the claim against Mid-Continent. Cronk Duch will keep Carithers' attorneys advised of the whereabouts of its witnesses until the conclusion of the claim.

D. This document represents the entire agreement between the parties regarding the assignment of Cronk Duch's recovery rights against Mid-Continent. There is no agreement, oral or written, expressed or implied, or any further consideration of any kind whatsoever within the scope of this agreement to be provided by either party.

E. No provision of this agreement, or any other agreement between Carithers and Cronk Duch, shall limit, impair, or extinguish the claims which Carithers intends to pursue against Mid-Continent as Cronk Duch's

assignee under policy number GL-00594283, GL-00623817, GL-00666145 and GL-00708330.  CASE NO.:

**2011-CA-002429**

DATED this _25_ day of _May_, 2012.

_____
Authorized Representative of Carithers

_____
Authorized Representative of Cronk Duch

_____
Robert E. Warren, Esquire
Attorney for Carithers

_____
Robert A. Heekin, Jr., Esquire
Attorney for Defendants